Case 3:06-cv-00757-M   Document 17   Filed 07/07/06   Page 1 of 8   PageID 229

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 7 2006

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUIE RICE and HAROLD RICE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No: 3:06-CV-0757-M |
| | § | |
| PFIZER, INC., BOEHRINGER | § | |
| INGELHEIM PHARMACEUTICALS, | § | |
| INC., and DR. BILL RAY LEE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand, filed on May 25, 2006. The Court **GRANTS** the Motion.

### I. FACTUAL BACKGROUND

Plaintiffs Jacquie and Harold Rice are Texas residents. Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business in New York. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") is a Delaware corporation with its principal place of business in Connecticut. Defendant Dr. Bill Ray Lee is a Texas resident.

As Mrs. Rice's physician, Dr. Lee prescribed the drug Mirapex, or pramipexole dihydrochloride, to treat her Restless Leg Syndrome. According to Plaintiffs, taking Mirapex caused Mrs. Rice to engage in compulsive gambling, resulting in significant financial losses to her and her husband. Published medical studies link Mirapex with pathological behaviors, such as compulsive gambling. Defendants Pfizer and BIPI ("Pharmaceutical Defendants")

1

manufacture and sell Mirapex. Plaintiffs allege that the Pharmaceutical Defendants failed to warn physicians and potential users of the risk of compulsive gambling attributed to Mirapex. Plaintiffs also claim that Dr. Lee was negligent in prescribing Mirapex and failing to monitor Mrs. Rice while on the medication.

Plaintiffs filed suit against the Pharmaceutical Defendants for negligence, strict liability, and misrepresentation and against Dr. Lee for medical malpractice[1] in the 40th Judicial District Court of Ellis County, Texas on March 21, 2006. Pharmaceutical Defendants removed the case on April 25, 2006, based on diversity jurisdiction, alleging improper joinder[2] of Dr. Lee as a defendant. Plaintiffs filed their Motion to Remand on May 25, 2006.

## II. STANDARD OF REVIEW

As the party claiming a federal forum, Defendants bear the burden of proving a basis for subject matter jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). By arguing that the Court's subject matter jurisdiction is based on diversity of citizenship, Defendants must prove that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." 28 U.S.C. § 1441(b). The Court evaluates all of the factual allegations in Plaintiffs' Complaint in the light most favorable to the Plaintiffs, and resolves all contested issues of substantive fact in their favor. *See Cavallini v.*

---

[1] In Texas, a cause of action against a health care provider for negligence is a health care liability claim (or medical malpractice claim). *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13).

[2] The Fifth Circuit adopted the term "improper joinder" rather than "fraudulent joinder." *McDonal v. Abbott Labs.*, 408 F.3d 177, 180 n.1 (5th Cir. 2005). There is no substantive difference between the two terms. *Id.*

*State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *see also Brewer v. Porsche Cars N. Am., Inc.*, No. 3:04-CV-2343-M, 2005 U.S. Dist. LEXIS 1759, at *3 (N.D. Tex. Feb. 7, 2005) (Lynn, J.).

To defeat Plaintiffs' Motion to Remand by proving that a non-diverse defendant's presence in a case is the product of improper joinder, Defendants must demonstrate either: (1) outright fraud in Plaintiffs' pleading of jurisdictional facts, or (2) that, as a matter of law, Plaintiffs will be unable to establish a cause of action against the non-diverse defendant. *Travis v. Irby*, 326 F.3d 644, 646 (5th Cir. 2003).

Defendants do not allege that Plaintiffs fraudulently pleaded any jurisdictional facts; therefore, the Court's inquiry is limited to whether Defendants can prove that there is no "reasonable basis" for predicting that state law would allow Plaintiffs to recover against the non-diverse defendant. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2000). The Court is not to decide whether the Plaintiffs will actually or even probably prevail on the merits against the non-diverse defendant, but only looks for a possibility that they may do so. *See Cavallini*, 44 F.3d at 259. Defendants bear the burden of proving the alleged improper joinder by clear and convincing evidence. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1991).

### III. ANALYSIS

Pharmaceutical Defendants contend that there is no reasonable basis to predict that Texas law would allow Plaintiffs to recover against Dr. Lee for three reasons: (1) Plaintiffs failed to state a claim against Dr. Lee; (2) Plaintiffs' failure to comply with a mandatory procedural

3

requirement precludes a medical malpractice claim against Dr. Lee; and (3) the joinder of Dr. Lee was incorrect because any claim against him arises from a separate transaction or occurrence.

### A. Failure to State a Claim Against Dr. Lee

The Pharmaceutical Defendants argue that Plaintiffs do not state a claim against Dr. Lee. The Court disagrees. The four elements of a medical malpractice claim are: (1) a duty by the physician to act according to applicable standards of care, (2) a breach of the applicable standard of care, (3) an injury, and (4) a causal connection between the breach of care and the injury. *Morrell v. Finke*, 184 S.W.3d 257, 271 (Tex. App.–Fort Worth 2005, pet. filed) (citing *Denton Reg'l Med. Ctr. v. LaCroix*, 947 S.W.2d 941, 950 (Tex. App.–Fort Worth 1997, writ denied)). In *Garcia v. Merck & Co.*, the court held that, in Texas, prescribing medication gives rise to a duty:

> Under Texas law . . . prescribing medication gives rise to a physician-patient relationship, which also gives rise to a duty on the part of the physician to "treat [the patient] with the skills of a trained, competent professional, and a breach of that duty may give rise to a malpractice action." Furthermore, the physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug."

Civ. C 06 053, 2006 WL 582032, at *3 (S.D. Tex. Mar. 7, 2006) (Jack, J.) (internal citations omitted). No party contests that Dr. Lee shared a physician-patient relationship with Mrs. Rice and prescribed Mirapex to her. Such facts create a duty to warn. *See Garcia*, 2006 WL 582032, at *3.

In *Barragan v. Warner-Lambert Company*, a patient sued his physician for medical malpractice based on the physician's failure to warn his patient about the potential harmful effects of a prescribed drug, failure to monitor his patient for those effects, and continuing to

4

prescribe the drug. *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 632 (W.D. Tex. 2002) The *Barragan* court found that the physician would breach the standard of care for his duty to warn if he knew or should have known of the harmful effects of the drug. *See Barragan*, 216 F. Supp. 2d at 633. Similarly, in this case, Plaintiffs allege that Dr. Lee was negligent in prescribing Mirapex because he failed to warn Mrs. Rice of the drug's risks. Defendants have presented evidence that medical studies linking Mirapex to pathological behaviors were published prior to Dr. Lee's prescribing the drug to her. (Orig. Pet. 4.) Thus, there is a basis to find that Dr. Lee should have known about the risk of pathological behavior attributed to Mirapex, failed to warn Mrs. Rice of that risk, and thus breached the applicable standard of care. Plaintiffs also allege that their injuries were caused by Mrs. Rice taking the drug prescribed by Dr. Lee. Therefore, the Plaintiffs adequately pleaded the four elements of a claim for medical malpractice.

B. Texas Procedural Requirements

The Pharmaceutical Defendants assert that Plaintiffs' failure to comply with the notice requirement under § 74.051 of the Texas Civil Practice and Remedies Code precludes Plaintiffs' claim of medical malpractice against Dr. Lee. Section 74.051 requires that "[a]ny person or his authorized agent asserting a health care liability claim shall give written notice of such claim . . . to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim." Tex. Civ. Prac. & Rem. Code § 74.051(a). Compliance with this procedural requirement is mandatory; however, failure to comply will not result in dismissal of the claim. *Schepps v.*

5

*Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex. 1983) (holding that the correct remedy for failure to comply with 60-day notice requirement is abatement for 60 days).[3] Even if Plaintiffs failed to comply with the notice requirement under § 74.051(a), such a failure would not preclude recovery against Dr. Lee.

### C. Permissive Joinder of Dr. Lee

The Pharmaceutical Defendants contend that the joinder of Dr. Lee as a defendant to this action was incorrect because the alleged failure by the Pharmaceutical Defendants to provide adequate warning regarding Mirapex is a different transaction or occurrence from the alleged negligent care provided by Dr. Lee. The Court disagrees.

"All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).[4]

"Transaction" is a word of flexible meaning. It may comprehend a series of

---

[3] *Schepps v. Presbyterian Hospital* interpreted § 4.01(a) of the Texas Revised Civil Statutes, which is now § 74.051(a) of the Texas Civil Practice and Remedies Code. The language of § 4.01(a) and § 74.051(a) is identical.

[4] Disagreement exists among district courts as to whether to apply federal or state rules of permissive joinder when evaluating a motion to remand. *Compare In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 651-52 (S.D. Tex. 2005) (Jack, J.) (applying federal joinder rule), *with Boteler v. Pleko Se. Corp.*, 3:06CV128LN, 2006 WL 1364387 (S.D. Miss. May 16, 2006) (Lee, J.) (applying state joinder rule). According to the Fifth Circuit, the Texas state requirements for proper joinder are the same as the federal rule. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing Tex.R. Civ. P. 40(a)). In light of *Crockett* and noting that the Pharmaceutical Defendants and Plaintiffs both cite Rule 20 of the Federal Rules of Civil Procedure, the Court will apply Rule 20.

> many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. . . . [C]ourts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.

*Silica Prods.*, 398 F. Supp. 2d at 650.

In applying a logical relationship test, the court in *Jamison v. Purdue Pharma Co.* determined that a negligence claim against a physician who prescribed a drug and negligence claims against the manufacturers of the drug arose out of the same transaction or occurrence because all claims were based on the same injuries, allegedly caused by the medication, and the resolution of the claim against the drug companies could affect the liability of the physician. 251 F. Supp. 2d 1315, 1322 (S.D. Miss. 2003) (Bramlette, J.). Similarly, in this case, Plaintiffs brought claims of negligence and medical malpractice against pharmaceutical companies and the physician who prescribed the companies' medication. All of the Plaintiffs' claims arise from injuries allegedly caused by taking Mirapex. Furthermore, the resolution of the negligence claim against the Pharmaceutical Defendants could affect the liability of Dr. Lee. If the Pharmaceutical Defendants prove that they provided adequate warning to physicians and/or the public regarding the risk of compulsive behavior attributed to Mirapex, then Dr. Lee may be liable for medical malpractice because he knew or should of known of the risks based on the Pharmaceutical Defendants' warning. Therefore, Dr. Lee and the Pharmaceutical Defendants are properly joined under Rule 20 because the claims against all Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.

## IV. CONCLUSION

For the reasons discussed above, the Court holds that Defendants have not proven, by clear and convincing evidence, that there is no reasonable basis for predicting that state law would allow Plaintiffs to recover against Lee. The Defendants' argument of improper joinder fails. The Court **GRANTS** Plaintiffs' Motion to Remand.

**SO ORDERED.**

July 7, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS